UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REYNALDO SALINAS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00804-SEB-TAB |
| ) | |
| SAVINO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT AND
DIRECTING ISSUANCE OF PROCESS**

Reynaldo Salinas, Jr., who is incarcerated at the Correctional Industrial Facility (CIF), alleges that his physician delayed his receipt of an operation necessary to repair nerve damage and recommended by a neurologist. Because Mr. Salinas is a prisoner, the Court must screen his complaint. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

At screening, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the Complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The Court construes the pro se complaint liberally and holds it to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Complaint

Mr. Salinas asserts claims for damages against three defendants: Dr. Savino, Warden Wendy Knight, and "all Wexford staff directly involved." Wexford of Indiana, LLC, is the company that employed Dr. Savino to treat Mr. Salinas and other CIF inmates. He bases these claims on the following allegations.

Sometime before December 2020, Mr. Salinas suffered nerve damage that caused pain and immobility. He was examined by a neurologist, who recommended surgery. The surgery would be simple, repair Mr. Salinas's nerve damage, eliminate his pain, and restore his mobility. This recommendation was documented in his medical records.

In December 2020, Mr. Salinas came under the care of Dr. Savino at CIF. She attempted, unsuccessfully, to treat Mr. Salinas's conditions with medication and recommendations to lose weight. She either ignored the neurologist's surgical referral or failed to review Mr. Salinas's medical records. Eventually, Dr. Savino left her position at CIF, and Mr. Salinas came under the care of a new physician. He received the surgery that was originally recommended, and his condition improved.

## III. Discussion of Claims

This action **will proceed** with Eighth Amendment claims against Dr. Savino pursuant to 42 U.S.C. § 1983.

Claims against Warden Knight are **dismissed** for **failure to state a claim** upon which relief may be granted. Defendants may be liable for damages under § 1983 only for their own actions. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather

than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.") (internal quotation omitted). The complaint asserts no allegations that Warden Knight was involved in or responsible for Mr. Salinas's medical care or the delay of his surgery.

Claims against "all Wexford staff directly involved" are also **dismissed**. If Mr. Salinas identifies other staff members who were directly involved in and responsible for delaying his surgery, he may seek leave to amend his complaint and add them as defendants. Until and unless that happens, "[i]t is pointless to include an anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up); *see also Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (Plaintiff used "John Doe" placeholders in original complaint, then amended after learning defendants' names, but amendments did not relate back because "suing a John Doe defendant is a conscious choice, not an inadvertent error.").

### IV. Conclusion and Service of Process

The action **will proceed** with an Eighth Amendment claim against Dr. Savino as discussed in Part III. All other claims are **dismissed**. The **clerk is directed** to update the docket to reflect that Dr. Savino is the sole defendant.

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Salinas believes he asserted additional claims that the Court did not address, he must notify the Court **no later than October 20, 2022**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Dr. Savino in the manner specified by Fed. R. Civ. P. 4(d). Process will consist of the complaint (dkts. [1] and [1-1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The complaint identifies Dr. Savino as a current or former employee of Wexford of Indiana, LLC. The **clerk is directed** to serve copies of this order and the process documents on Wexford electronically. Wexford is **ordered** to provide the full name and last known address of any defendant who does not waive service if Wexford has such information. Wexford may provide this information to the Court informally or file it *ex parte*.

**IT IS SO ORDERED.**

Date: 9/22/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

REYNALDO SALINAS, JR.
205625
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Wexford of Indiana, LLC

Dr. Savino
Correctional Industrial Facility
5124 W. Reformatory Road
Pendleton, IN 46064